## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CHERYL HALL, and BRAD
LAFUZE, and MARTELL GRESHAM
on behalf of themselves and all others
similarly situated,

      Case No. 20-cv-10670

    Plaintiffs,      Hon. George C. Steeh

      Mag. Judge Patricia T. Morris

v.

WELLPATH, L.L.C.,

    Defendant.

---

| LIDDLE & DUBIN, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Steven D. Liddle (P45110) | Ronald W. Chapman Sr., M.P.A., |
| Matthew Z. Robb (P81665) | LL.M. (P37603) |
| Attorneys for Plaintiffs | Devlin Scarber (P64532) |
| 975 E. Jefferson Avenue | Wedad Suleiman (P81970) |
| Detroit, MI 48207 | Attorneys for Wellpath, L.L.C. |
| (313) 392-0025 | 1441 W. Long Lake Rd., Suite 310 |
| sliddle@ldclassaction.com | Troy, MI 48098 |
| mrobb@ldclassaction.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | wsuleiman@chapmanlawgroup.com |

---

### DEFENDANT WELLPATH, L.L.C.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant WELLPATH, L.L.C. by and through their attorneys, CHAPMAN LAW GROUP, and for its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

1

1. Prior to the First Amended Complaint, Plaintiffs Cheryl Hall and Brad Lafuze filed their original Complaint on March 12, 2020. (**Dkt. No. 1**)

2. Plaintiffs Cheryl Hall and Brad Lafuze, with the addition of Martell Gresham, filed their First Amended Complaint on May 4, 2020. (**Dkt. No. 8**)

3. Plaintiffs' First Amended Complaint alleges against Wellpath, L.L.C. ("Wellpath"), under both the Eighth and Fourteenth Amendment, an alleged unconstitutional policy of interruption, discontinuation, denial, and/or delay of prescribed psychotropic medications to detainees with previously diagnosed mental health conditions. (**PageID.62**)

4. Specifically, Plaintiffs allege various supposed Wellpath policies and then claim them to be unconstitutional, such as:

   a. Wellpath policies, practices, and customs determine what medications are and are not available to inmates at the county jail. (**PageID.63**)

   b. Wellpath healthcare professionals have discretion to continue, discontinue, substitute, etc. medications and treatments prescribed to inmates in the community prior to incarceration. (***Id.***)

   c. Wellpath policy does not require a mental health evaluation by a mental health professional prior to "discontinuation" of a psychotropic medication. (**PageID.64**)

2

     d.  Wellpath policy initially refuses to provide psychotropic medications that are not on its formulary. (*Id.*)

     e.  Wellpath policy encourages discontinuation of psychotropic medications without first conducting a medical or mental health evaluation. (*Id.*)

5. Plaintiffs are required to identify and connect the allegedly unconstitutional policy to Wellpath and demonstrate a pattern. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

6. Plaintiffs' First Amended Complaint advances class allegations for a statewide putative class of all others similarly situated. (**PageID.65**)

7. For the reasons stated in the accompanying brief in support, Plaintiffs fail to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

8. On May 31, 2020, Defense counsel contacted Plaintiffs' counsel to obtain concurrence; however, concurrence was denied.

    WHEREFORE, Defendant WELLPATH, L.L.C., respectfully requests that this Honorable Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6); dismiss all of Plaintiffs' claims against it with prejudice; and grant any and all further relief as the Court deems just and equitable

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 1, 2020

/s/Wedad Suleiman
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin Scarber (P64532)
Wedad Suleiman (P81970)
Attorneys for Wellpath, L.L.C.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
wsuleiman@chapmanlawgroup.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

CHERYL HALL, and BRAD
LAFUZE, and MARTELL GRESHAM
on behalf of themselves and all others
similarly situated,

                                           Case No. 20-cv-10670

     Plaintiffs,                    Hon. George C. Steeh

                                           Mag. Judge Patricia T. Morris

v.

WELLPATH, L.L.C.,

     Defendant.

---

| LIDDLE & DUBIN, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Steven D. Liddle (P45110) | Ronald W. Chapman Sr., M.P.A., |
| Matthew Z. Robb (P81665) | LL.M. (P37603) |
| Attorneys for Plaintiffs | Devlin Scarber (P64532) |
| 975 E. Jefferson Avenue | Wedad Suleiman (P81970) |
| Detroit, MI 48207 | Attorneys for Wellpath, L.L.C. |
| (313) 392-0025 | 1441 W. Long Lake Rd., Suite 310 |
| sliddle@ldclassaction.com | Troy, MI 48098 |
| mrobb@ldclassaction.com | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | wsuleiman@chapmanlawgroup.com |

---

**BRIEF IN SUPPORT OF DEFENDANT WELLPATH, L.L.C.'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(b)(6)**

**PROOF OF SERVICE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................... vii

INDEX OF EXHIBITS ........................................................................ ix

STATEMENT OF ISSUES PRESENTED........................................................x

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT..........1

**II.    LEGAL STANDARD** ................................................................3

**III.   LAW AND ARGUMENT** ..........................................................4

  **A.   This Court Should Dismiss Plaintiffs' Claims as They Have Failed to State A Claim Upon Which Relief May Be Granted.**...................................4

    I.    Plaintiffs Fail to Assert a Viable Claim of Deliberate Indifference..............4

    II.   Eighth Amendment and Gross Negligence Claims Should be Dismissed as They are Not Legally Cognizable (Counts II and V).........................................11

    III.  Plaintiffs' Claim for Injunctive Relief Should be Dismissed. ...................13

**IV.    CONCLUSION AND RELIEF SOUGHT** ................................................14

# INDEX OF AUTHORITIES

CASES                                                                                          PAGE

*Adam v. Sisters of Bon Secours Nursing Care Ctr*., 2011 Mich. App. LEXIS 1552, 2011 WL 3903146 (Mich. Ct. App. Sept. 6, 2011) ..................................... 12, 13

Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011) ...................................8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009)............................................... 1, 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).................................... 1, 3, 4

*Bell v. Wolfish*, supra, 441 U.S. at 547, 99 S.Ct. at 1878 ........................................9

*Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir.2011) ...................4

*Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 422; 684 N.W.2d 864, 871 (2004) .......................................................................................................12

*Burton v Reed City Hosp Corp,* 259 Mich. App. 74, 81 (2003) ..............................13

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) .....................................5

*Cloud v. Goldberg, No. CIV. A. 98–4250, 2000 WL 157159 at *5 (E.D. Pa. Feb. 11, 2000 ...........................................................................................................11

*Connick v. Thompson*, 131 S. Ct. 1350 (2011) ................................................. 3, 5, 8

*Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)..................................5

*Crane v. Davenport*, 2017 U.S. App. LEXIS 23538 ...............................................10

*Dorris v. Detroit Osteopathic Hosp Corp*., 460 Mich. 26, 46; 594 NW2d 455 (1999) ...................................................................................................... 12, 13

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ..........................5

*Johnson v. Corr. Corp. of Am.,* 26 F. App'x 386, 388 (6th Cir.2001). .....................4

*Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)..............................................5

*Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) .................................................................9

*Kingsley v. Hendrickson*, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015) 11

*Parent v. Roth, No. 00-3773, 2001 WL 1243563, at \*4 (E.D. Pa. Oct. 17, 2001* ...11

*Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) ..................................9

*Richmond v. Huq*, 885 F.3d 928, 938 n.3 (6th Cir. 2018) .......................11

*Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996)..........................................................................................4

*Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005)..............3, 5

*Thomas v. Coble*, 55 F. App'x 784, 748–49 (2003) ....................................4

*Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir.2013)................11

*Wedgewood L.P. I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010) ..............13

*Westlake v Lucas*, 537 F2d 857, 860 (CA 6, 1976) ....................................6

**STATUTES**                                                                  **PAGE**

MCL § 600.2912d ...........................................................................13

MCL § 600.2912 .............................................................................13

MCL § 600.2912b ...........................................................................13

MCL § 691.1407(2)(c) ......................................................................12

**RULES**                                                                      **PAGE**

Fed. R. Civ. P. 12(b)(6)......................................................... 1, 3, 1, 3

## __INDEX OF EXHIBITS__

There are no exhibits attached with this brief.

## **STATEMENT OF ISSUES PRESENTED**

I.    SHOULD PLAINTIFFS' FIRST AMENDED COMPLAINT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)?

       Defendant Answers:               YES.
       Plaintiffs Answer:                 NO.


II.    SHOULD PLAINTIFFS' EIGHTH AMENDMENT CLAIM BE DISMISSED BECAUSE IT IS LEGALLY INCOGNIZABLE?

       Defendant Answers:               YES.
       Plaintiffs Answer:                 NO.


III.    SHOULD PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DISMISSED BECAUSE THEY CANNOT CLAIM TO SUFFER CONTINUING IRREPARABLE HARM?

       Defendant Answers:               YES.
       Plaintiffs Answer:                 NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2*). Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (stating Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Instead, factual enhancement is required to "nudge [] the [] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). While Plaintiffs are not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## I.  <u>STATEMENT OF FACTS</u>

Prior to the First Amended Complaint, Plaintiffs Cheryl Hall and Brad Lafuze filed their original Complaint on March 12, 2020. (**Dkt. No. 1**). Plaintiffs Cheryl Hall and Brad Lafuze, with the addition of Martell Gresham, filed their First Amended Complaint on May 4, 2020. (**Dkt. No. 8**). Plaintiffs' First Amended Complaint alleges against Wellpath, L.L.C. ("Wellpath") deliberate indifference under both the Eighth and Fourteenth Amendment, citing an alleged unconstitutional policy of interruption, discontinuation, denial, and/or delay of prescribed psychotropic medications to detainees with previously diagnosed mental health conditions. (**PageID.62**). Specifically, Plaintiffs allege various supposed Wellpath policies and then claim them to be unconstitutional.

Plaintiffs allege that Wellpath has policies, practices, and customs that determine what medications are and are not available to inmates at the county jail. (**PageID.63**). Plaintiffs allege Wellpath healthcare professionals have discretion to continue, discontinue, substitute, etc. medications and treatments prescribed to inmates in the community prior to incarceration. (***Id.***) Plaintiffs further allege that Wellpath has a policy that does not require a mental health evaluation by a mental health professional prior to "discontinuation" of a psychotropic medication. (**PageID.64**). Plaintiffs' First Amended Complaint continues to allege that Wellpath policy initially refuses to provide psychotropic medications that are not on its

formulary and encourages discontinuation of psychotropic medications without first conducted a medical or mental health evaluation. (**Id.**) Plaintiffs are required to identify and connect the allegedly unconstitutional policy to Wellpath and demonstrate a pattern. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005). Plaintiffs allegations, accepted as true fail to state a claim upon which relief may be granted.

## II. <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, factual enhancement is required to "nudge [] the [] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

While Plaintiff is not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me

3

accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiffs'
"naked assertions devoid of further factual enhancement" preclude this Court from
inferring that they were responsible for violating Plaintiffs' civil rights. *Iqbal*, 556
U.S. at 678 (citing *Twombly*, 550 U.S. at 555). (internal quotation marks omitted).
"Threadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.

### III. LAW AND ARGUMENT

**A. This Court Should Dismiss Plaintiffs' Claims as They Have Failed to
State A Claim Upon Which Relief May Be Granted.**

I. Plaintiffs Fail to Assert a Viable Claim of Deliberate Indifference.

The Sixth Circuit has applied the standards for assessing municipal liability
to claims against private corporations that operate prisons or provide medical care
to prisoners. *Thomas v. Coble*, 55 F. App'x 784, 748–49 (2003); *Street v. Corrections
Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996); *Johnson v. Corr.
Corp. of Am.,* 26 F. App'x 386, 388 (6th Cir.2001). Wellpath "cannot be held liable
under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x
622, 627 (6th Cir.2011). Instead, to prevail on a 42 U.S.C. § 1983 claim against
Wellpath, Plaintiffs "must show that a policy or well-settled custom of the company
was the 'moving force' behind the alleged deprivation" of his rights. *Id*.

Plaintiffs' First Amended Complaint does not allege a viable claim against
Wellpath. "To satisfy the *Monell* requirements a plaintiff must identify the policy,

connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994). *See also, Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). (liability only when policy caused the plaintiff's injury and a direct causal link existed between the policy and the purported denial of the right to adequate medical care). It is insufficient for Plaintiffs to make allegations that Wellpath has or had some non-specific unconstitutional policy, practice, and custom. Plaintiffs are required to separately identify the existence of an unconstitutional policy, as well as the origin of that policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). Plaintiffs must further connect the allegedly unconstitutional policy to Wellpath and demonstrate a <u>pattern</u>. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005) (emphasis added).

Plaintiffs' allegations on their face fail to state a claim for multiple reasons. First, Plaintiffs' First Amended Complaint for the better part simply identifies that Wellpath is a private healthcare company contracted in various counties in the State of Michigan to provide healthcare in county jails – which is not disputed. (**PageID.67-73**). Plaintiffs also allege that healthcare professionals have discretion to stop and start certain medications upon intake. (**PageID.71**). Plaintiffs fail to plead

how medical discretion by licensed healthcare professionals amounts to an unconstitutional act. In fact, where a prisoner has received some medical attention and the dispute is over the *adequacy of the treatment*, Federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *Westlake v Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

Plaintiffs' First Amended Complaint advances the theory that Wellpath has a promulgated unconstitutional policy, practice, or custom, to discontinue inmates' psychotropic medications upon intake. Plaintiffs' allegations accepted as true fail to identify an allegedly unconstitutional policy and, of importance, a pattern of such behavior. The First Amended Complaint first alleges that Ms. Hall, during her incarceration at the Grand Traverse County jail, was screened to have mental health issues and be on prescribed psychotropic medications; however, was provided *none* of her prescription medications, and was not provided any substitute medications. (**PageID.77-78**). Plaintiffs then plead upon Ms. Hall's readmittance to the Grand Traverse County Jail she was provided *some* of her medications, but not her drugs for anxiety and depression. (**PageID.80**). Plaintiffs' First Amended Complaint alleges that Mr. Lafuze upon his intake to the Grand Traverse County Jail received his seizure medication Carbamazepine (**PageID.83**) and then, upon medication verification from the Veteran Affairs, was provided all of his psychotropic medications. (**PageID.86**). While, Plaintiff Gresham was taken directly to medical

6

upon completing his mental health intake questionnaire (**PageID.91**), as opposed to Plaintiff Hall, who allegedly was not given a "prompt referral to appropriate health care service" upon intake. (**PageID. 77.**). As for Mr. Gresham, Plaintiffs allege that on intake at the Wayne County Jail, he reported to the nurse that he had a history of mental health issues (**PageID.91**) and was not provided his psychotropic medications. (**PageID.92**). It is clear from the pleadings that Plaintiffs have failed to even find three (3) individuals who can consistently support the allegation that Defendant has a policy, practice, and custom of systematically denying psychotropic medications to inmates at intake. The pleadings indicate that both Ms. Hall and Mr. Gresham were asked to get "substitute medications;" however, each for different reasons. Ms. Hall was allegedly "demanded" "by Wellpath staff" to call her personal doctor *herself* to get substitute medications so that her insurance company can cover the cost. (**PageID.81**). On the other hand, Mr. Gresham was "informed" by a "doctor" that the doctor could not administer the home supply of prescribed medications that were personally delivered to the jail, but that the doctor would order the substitutions himself.

Plaintiffs simultaneously allege that no psychotropic medications are provided at all to inmates on intake and that no substitute medications are provided, while also claiming that Wellpath policy, customs, and practice are the driving force behind the decision to continue or substitute medications. Plaintiffs believe it

unconstitutional to provide substitute medications, yet also allege Defendant violated their constitutional rights for allegedly not providing substitute medications.

(**PageID.78**) Plaintiffs' pleadings fail to demonstrate a pattern, let alone one that could be attributed to an alleged putative class across twenty-five (25) county jails in the State of Michigan. *Connick,* 131 S. Ct. 1350 (2011). Courts must keep in mind the distinction "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Here, Ms. Hall, a female inmate with anxiety, was allegedly completely denied her medications[1] during her time at the county jail. On the other hand, Mr. Lafuze alleges he was not completely denied his medications[2] but simply argues they were delayed. (**PageID.87**).

Plaintiffs argue that Wellpath's alleged policy of not providing medications that were previously prescribed by community physicians is evident of unconstitutionality that is then proximately linked to their injuries. However, a physician's decision to not follow another healthcare practitioners' recommendations or orders does not support a claim of deliberate indifference.

---

[1] Xanax (anxiety), Prozac (depression),
[2] Seroquel (PTSD); Hydroxyzine (Anxiety); Prazosin (PTSD/Nightmares); Prozac (Depression); Carbamazepine (Seizure Disorder/Mood Stabilizer).

Claims, or even evidence, that *some* medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim "[e]ven among the medical community, the permissible bounds of competent medical judgment are not always clear, particularly because 'it is implicit in the professional judgment standard itself. . . that inmate medical care decisions must be **fact-based** with respect to the particular inmate, the severity and stage of his conditions . . .'" *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (emphasis added). Further, Plaintiffs' allegation to not provide community prescribed medications and rather offer substitutes or otherwise fails to allege a viable claim as institutions are able to set up policies to safeguard institutional security "[e]ven when an institutional restriction infringes a specific constitutional guarantee . . . the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Bell v. Wolfish*, supra, 441 U.S. at 547, 99 S.Ct. at 1878. *See Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). Even taking Plaintiffs' allegations of not allowing outside medication or narcotics in the jail as true, the pleadings fail to state a claim since a jail can dictate a policy of not allowing outside prescriptions or other narcotic prescriptions in order to curb drug usage in the jails.

Plaintiffs allegations as it relates to medication verification and continuity of care fail to state a claim since the medication verification policy cited by Plaintiffs

inherently involves <u>medical decision making and discretion</u>. Plaintiffs cite Defendant's medication verification protocol which as stated, gives the medical site director the *option* to decline or discontinue a detainee's active prescription whenever a medication is thought to be inappropriate or unnecessary based upon diagnosis, usage, drug type, drug indication, dosage, etc. (**PageID.95-96**). Despite the clear language of providing the medical provider an option to discontinue <u>or continue</u> a certain medication based on clinical presentation of the inmate, Plaintiffs still somehow claim that Defendant has a systematic policy to discontinue routine medications without a clinical assessment. (***Id.***) Plaintiffs fails to reconcile how Defendant's alleged policies simultaneously allow for their providers to have discretion when providing medications to inmates, while also having a systematic policy of now allowing any psychotropic medications to inmates.  Plaintiffs also fail to provide any supporting authority for their pleadings that it would be unconstitutional for a licensed medical doctor to discontinue medications they believe are not medically necessary, and that such determination can only be made by a qualified mental health professional, as opposed to a licensed medical doctor. (**PageID.96**). Plaintiffs allege that Wellpath policies to deny prescribed medications is a means to cut costs and protect contracts with county jails. (**PageID.96 ¶ 277**). However, their own allegations do nothing to prove such conclusions. Even if that were so, "[p]risons have legitimate reasons to be concerned with the cost of medical

treatment for inmates, and that a drug formulary can be an appropriate method of controlling such costs." *Crane v. Davenport*, 2017 U.S. App. LEXIS 23538 (*quoting Warren v. Prison Health Servs.*, Inc., 576 F. App'x 545, 552 (6th Cir. 2014))

Lastly, there is no constitutional right to bring outside medication into a jail or prison (*Parent v. Roth*, No. 00-3773, 2001 WL 1243563, at *4 (E.D. Pa. Oct. 17, 2001)), just as there is no constitutional right to a specific treatment that the prisoner prefers. *See, e.g., Cloud v. Goldberg*, No. CIV. A. 98–4250, 2000 WL 157159 at *5 (E.D. Pa. Feb. 11, 2000). Plaintiffs' claims against Wellpath must accordingly be dismissed.

II.     Eighth Amendment and Gross Negligence Claims Should be Dismissed as They are Not Legally Cognizable (Counts II and V)

The Fourteenth Amendment's Due Process Clause governs claims presented by pretrial detainees, but "are analyzed under the same rubric as Eighth Amendment claims brought by prisoners." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir.2013). Plaintiffs' claims relate to their time as pretrial detainees in Grand Traverse County Jail and Wayne County Jail; as such their claims, if allowed to proceed, would be analyzed under the Fourteenth Amendment Due Process Clause, and not the Eighth Amendment. Thus, Plaintiffs' Count II of their First Amended Complaint must be dismissed. Further, it is worth noting that the Sixth Circuit has not decided whether the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 192 L.Ed.2d 416 (2015) abrogated the

subjective component when evaluating the deliberate indifference claims of pretrial detainees. *See Richmond v. Huq*, 885 F.3d 928, 938 n.3 (6th Cir. 2018). Therefore, if this Court allows the claim of deliberate indifference to proceed, Plaintiffs must still satisfy both components under the Fourteenth Amendment .

Plaintiffs' Count V alleges common law negligence and gross negligence. A claim of gross negligence in the context of a professional relationship involving medical judgment sounds in medical malpractice. *Adam v. Sisters of Bon Secours Nursing Care Ctr.*, 2011 Mich. App. LEXIS 1552, 2011 WL 3903146 (Mich. Ct. App. Sept. 6, 2011). "A complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence." *Dorris v. Detroit Osteopathic Hosp Corp*., 460 Mich. 26, 46; 594 NW2d 455 (1999); *see also Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 422; 684 NW2d 864, 871 (2004) Further, MCL § 691.1407(2)(c) defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." In order to evaluate the reasonableness of a Wellpath employee to ultimately find a showing of alleged vicarious liability, any jury would have to be presented with the standards of care pertaining to the medical issue of whether Plaintiffs' psychotropic medications sought were medically necessary. *See Bryant v. Oakpointe Villa Nursing Ctr.*, Inc., 471 Mich. 411, 422, 684 NW2d 864 (2004). Specifically, because Plaintiffs' claims of gross negligence stem

from a professional relationship involving medical judgment, it sounds in medical malpractice. Thus, Plaintiffs were required to comply with the statutory requirements as set forth under MCL § 600.2912. "A complaint cannot avoid the application of the procedural requirements of a malpractice action by couching its cause of action in terms of ordinary negligence." *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 43, 594 N.W.2d 455 (1999); *see also Adam v. Sisters of Bon Secours Nursing Care Ctr.*, 2011 WL 3903146, at *4 (Mich. App. Sept. 6, 2011). Among Plaintiffs' failures in that regard are their failures to give notice of their intent to sue and to file an Affidavit of Merit to support their Complaint or FirstAmended Complaint *See, e.g.,* MCL § 600.2912b and 600.2912d; *Burton v Reed City Hosp Corp,* 259 Mich. App. 74, 81 (2003). Therefore, the claim of gross negligence fails procedurally as a matter of law.

III.   <u>Plaintiffs' Claim for Injunctive Relief Should be Dismissed.</u>

"A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and <u>will suffer 'continuing irreparable injury'</u> for which there is no adequate remedy at law." *Wedgewood L.P. I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010) (citations omitted). Plaintiffs failed to allege facts that, if true, would demonstrate that they are entitled to injunctive relief. Specifically, all three (3) Plaintiffs cannot be said to allegedly suffer continuing irreparable injury as all three (3) individuals are no longer under the medical care of Wellpath employees.

Ms. Hall is currently imprisoned at Women's Huron Correctional Facility[3], Mr. Gresham is currently imprisoned at Muskegon Correctional Facility[4], and Mr. Lafuze is discharged from any correctional facility[5]. Plaintiffs' allegations clearly do not demonstrate risk of continuing irreparable injury or demonstrate that there is no adequate remedy at law. Plaintiffs request for injunctive relief must be dismissed.

## IV.   CONCLUSION AND RELIEF SOUGHT

WHEREFORE, for all the above stated reasons, Defendant WELLPATH, L.L.C., affirmatively states that there has been no deliberate indifference committed against Plaintiffs, making any claim for damages or injuries inappropriate, and asks this Honorable Court to dismiss Plaintiffs' Complaint, dismiss any class allegations, deny Plaintiffs' demand for a judgment against Defendant, and enter a judgment in favor of Defendant with costs and attorney fees awarded to Defendant.

---

[3] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=579302 (last accessed 5-29-20)
[4] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=487890 (last accessed 5-29-20)
[5] http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=893797 (last accessed 5-29-20)

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 1, 2020

/s/Wedad Suleiman
Ronald W. Chapman Sr., M.P.A.,
LL.M (P37603)
Devlin Scarber (P64532)
Wedad Suleiman (P81970)
Attorneys for Wellpath, L.L.C.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6366
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
wsuleiman@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on June 1, 2020 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/ Wedad Suleiman
Wedad Suleiman (P81970)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6366
wsuleiman@chapmanlawgroup.com

15