**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHERYL HALL, BRAD LaFUZE,
and MARTELL GRESHAM,

      *Plaintiffs*,                CASE NO. 20-cv-10670

*v.*                         DISTRICT JUDGE GEORGE CARAM STEEH
                              MAGISTRATE JUDGE PATRICIA T. MORRIS
WELLPATH,

      *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 10)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 10) be **GRANTED in PART** and **DENIED in PART**. Specifically, I recommend the motion be **GRANTED** as to the claims for injunctive relief but **DENIED** in all other respects.

## II.    REPORT

### A.    Background

Plaintiffs filed a First Amended "class action" Complaint ("Complaint") on May 4, 2020.[1] (ECF No. 8.) Plaintiffs' introduction states that the complaint "arises from the systematic and unreasonable interruption, discontinuation, denial, and/or delay of

---

[1] There has been no attempt to certify a class in this action at this time.

prescribed psychotropic medications to detainees with previously diagnosed, serious mental health care conditions by Wellpath LLC ('Wellpath'), a private, for-profit administrator of prescription medication services and utilization management services to approximately 25 county jails throughout the State of Michigan." (ECF No.8, PageID.62.) Plaintiffs note that "Wellpath has been at the center of numerous well-publicized tragedies in the State of Michigan involving suicide deaths and suicide attempts by detainees under its care" and that there has been "substantial local activism surrounding Wellpath's deficient provision of prescription psychotropic medication treatments that placed Wellpath on clear notice that its inmates entering with serious mental illness were routinely deprived of their necessary psychotropic medications for unreasonable periods of time, causing serious injuries." (ECF No. 8, PageID.63.)

Plaintiffs aver that "Wellpath does not require a mental health or psychiatric evaluation by a Qualified mental Health Professional prior to discontinuation of a community-prescribed, clinically indicated psychotropic mediation" and that as "a matter of policy, practice, and/or custom Wellpath initially refused to provide prescribed, clinically indicated psychotropic medications to detainees and inmates if their prescriptions are not listed on its formulary." (ECF No. 8, PageID.64.) Plaintiffs further aver that Wellpath "uniformly misclassifies psychotropic prescription medications that were clinically indicated by community prescribers as 'Routine,' instead of 'High Priority,' thereby denying continuity of care." (ECF No. 8, PageID.64.)

Plaintiffs also state that "[o]nce denied a prescribed medication, Wellpath fails to adequately notify detainee-inmates regarding its prescription medication denials, the

reason for the denials, and fails to provide any process for the detainee-inmates to appeal or request a waiver of Wellpath's denial of known prescription medications." (ECF No. 8, PageID.64.)

The party Plaintiffs were incarcerated as pretrial detainees in the Grand Traverse County Jail and the Wayne County Jail. (ECF No. 8, PageID.65.) Plaintiffs aver that Wellpath administers "health care services, including prescription drug services, to pre-trial detainees and post-conviction inmates at approximately 25 County Jails throughout Michigan and hundreds more throughout the United States." (ECF No. 8, PageID.65-66.) The 25 county jails in Michigan are located in the following counties: Alger, Allegan, Arenac, Bay, Berrien, Chippewa, Clare, Delta, Dickinson, Gogebic, Grand Traverse, Isabella, Lenawee, Mackinac, Macomb, Marquette, Muskegon, Newaygo, Oakland, Ogemaw, Ottawa, Schoolcraft, Tuscola, Washtenaw, and Wayne. (ECF No. 8, PageID.68.) The complaint describes the individual experiences of the three named Plaintiffs in detail. (ECF No. 8, PageID.75-95.)

The complaint avers the following counts: (1) "Fifth/Fourteenth Amendments (as to pretrial-detainees), Monell Claim, Denial of Due Process, Deliberate Indifference to Known Serious Medical Needs" under 42 U.S.C. §§ 1983 and 1988; (2) "Monell Claim, Eighth Amendment (as to convicted detainees), Cruel and Unusual Punishment, Deliberate Indifference to Known Serious Medical Needs" under 42 U.S.C. §§ 1983 and 1988; (3) "Substantive Due Process Violation, State Created Danger" under 42 U.S.C. §§ 1983 and 1988; (4) "Fourteenth Amendment, Denial of Procedural Due Process without Meaningful Opportunity to Challenge Determination or be Heard Regarding Deprivation" under 42

U.S.C. §§ 1983 and 1988; and (5) "Common Law Negligence and Gross Negligence[.]" (ECF No. 8.) Plaintiffs seek an order certifying one or more classes, an order declaring that Defendant violated the constitutional rights of Plaintiffs and the class, an order declaring Defendant liable for each cause of action, compensatory damages, punitive and exemplary damages, attorney fees and costs, injunctive relief, consequential damages and any other relief the court deems fair and equitable. (ECF No. 8, PageID.117-118.)

Defendant filed the instant motion to dismiss on June 15, 2020. (ECF No. 10.) Plaintiffs responded (ECF No. 14) and Defendant replied. (ECF No. 16.) Therefore, the motion is ready for resolution.

### B.    Motion to Dismiss Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.

1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997).

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which she complains was committed by a person acting under color of state law and (2) the conduct deprived her of a federal constitutional or statutory right. In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

## C.    Analysis and Conclusions

Defendant contends that the First Amended Complaint should be dismissed because: (1) it fails to state a viable claim for deliberate indifference since even the three Plaintiffs were treated differently, thereby showing that there is no policy or practice governing decisions but rather each of Defendant's employees has individual medical decision making discretion (ECF No. 10, PageID.134-141); (2) the Eighth Amendment and gross negligence claims are not legally cognizable because Plaintiffs were pretrial detainees subject only to the Fourteenth Amendment and not the Eighth Amendment and because the gross negligence claim sounds in medical malpractice and Plaintiffs have failed

to comply with the procedural requirements under Michigan law for such actions  (ECF No. 10, PageID.141-143); and (3) the claim for injunctive relief should be dismissed because they cannot be said to suffer continuing irreparable injury since the three Plaintiffs are no longer under the medical care of Defendant's employees. (ECF No. 10, PageID.143-144.)

### 1. Eighth versus Fourteenth Amendments

Defendant contends that since Plaintiffs were pretrial detainees, claims should thus be analyzed under the Fourteenth Amendment rather than the Eighth Amendment; and since the First Amended Complaint alleges an Eighth Amendment violation only, the Eighth Amendment claim should be dismissed. (ECF No. 10, PageID.141.) First, I note that the First Amended Complaint alleges both: "(1) violations of the U.S. Const. Fourteenth Amendment, substantive due process clause for deliberate indifference to known serious medical needs; [and] (2) violations of the U.S. Const./ Eighth Amendment for cruel and unusual punishment from deliberate indifference to known serious medical needs." (ECF No. 14, PageID.153.)

The "Eighth Amendment applies only after a formal adjudication of guilt," and thus does not extend to pretrial detention. *Walker v. Sharrar*, 2019 WL 3714494, at *2 (E.D. Mich. Aug. 7, 2019). But the Sixth Circuit "has made clear that, under the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates,'" and the same analysis applies to both types of claims. *Richko v. Wayne Co., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citation omitted).

I find that where, as here, pre-trial detainee Plaintiffs have alleged deliberate indifference to serious medical needs violations under both the Fourteenth and Eighth Amendments, those claims collapse into one claim that should be analyzed under the Fourteenth Amendment which is analyzed in the same manner as Eighth Amendment claims. Plaintiffs appear to have collapsed their first and second claims for purposes of analysis in that they argue "Plaintiffs' claims in Count I and II arise under the well-established jurisprudence of *Estelle*…" (ECF No. 14, PageID.171.) Therefore, this ground does not support dismissal.

### 2. Deliberate Indifference

Defendants next argue that the First Amended Complaint fails to state a viable claim for deliberate indifference since even the three Plaintiffs were treated differently, thereby showing that there is no policy or practice governing decisions but rather each of Defendant's employees has individual medical decision making discretion (ECF No. 10, PageID.134-141).

The "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's Cruel and Unusual Punishment Clause. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The inquiry incorporates objective and subjective elements in a two-pronged standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective inquiry is whether the deprivation was "sufficiently serious" and the subjective prong considers whether the state of mind of the official was sufficiently culpable. *Id.* The Sixth Circuit distinguishes between allegations of complete denial of medical care and inadequate medical treatment. *Westlake v. Lucas*,

537 F.2d 857, 860, n.5 (6th Cir. 1976). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Brock v. Crall*, 8 F. App'x 439, 440-41 (6th Cir. 2001) (quoting *Westlake*, 537 F.2d at 860, n.5). A "difference of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do[es] not state an Eighth Amendment claim." *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004). As to the subjective prong, "the actor must 'have subjectively perceived a risk of harm and then disregarded it'…the actor need not know of the risk to 100% certainty[,] [a]n inference of risk, if actually made and then disregarded, can constitute deliberate indifference." *Jones v. Corr. Med. Servs.*, 845 F. Supp. 2d 824, 838 (W.D. Mich. 2012) (citations omitted). Thus, "a prison official may 'not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Id*. (citation omitted).

Questions have arisen whether the subjective prong applies to Fourteenth Amendment claims concerning pretrial detention. In *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015), the Supreme Court held that the subjective prong does not apply to excessive force claims brought under the Fourteenth Amendment by pretrial detainees." Although this holding did not cover deliberate indifference claims, some courts have extended it to such claims. *See Love v. Franklin Co., Ky.*, 376 F. Supp. 3d 740, 746 (E.D. Ky. 2019). The Sixth Circuit, however, has noted the issue but not yet resolved it, instead applying both prongs. *See, e.g., Powell v. Med. Dep't Cuyahoga Co. Correctional Ctr.*,

2019 WL 3960770 (6th Cir. Apr. 8, 2019); *Richmond v. Huq*, 885 F.3d 928, 938, n.3 (6th Cir. 2018) ("[W]e recognize that this shift in Fourteenth Amendment deliberate indifference jurisprudence calls into serious doubt whether Richmond need even show that the individual defendant-officials were subjectively aware of her serious medical conditions and nonetheless wantonly disregarded them." ); *see also Richko*, 819 F.3d at 915.

Federal district courts in Michigan have unanimously concluded that until the Sixth Circuit expressly rules that *Kingsley* alters the analysis for deliberate indifference claims, such claims proceed under the same two-pronged inquiry, requiring proof of the subjective awareness of the serious medical need and the wanton disregard of it. *See, e.g., Elhady v. Bradley*, ___ F. Supp. 3d ___, 2020 WL 619587, at *14 (E.D. Mich. Feb. 10, 2020) (since the Sixth Circuit applied the subjective element to a deliberate indifference case after *Kingsley* in *Cooper v. Montgomery Cty, Ohio Sheriff's Dept.*, 768 F. App'x 385, 392 (6th Cir. 2019), "[t]he need to establish that subjective element remains the law of this Circuit"); *Eidam v. County of Berrien*, 2019 WL 7343354, at *4 (W.D. Mich. Dec. 31, 2019) (since the Sixth Circuit declined to decide whether *Kingsley* applied to deliberate indifference to serious medical needs cases in *Huq* "the two-pronged deliberate-indifference standard found in the Eighth Amendment continues to apply to medical claims by pretrial detainees."); *Greiner v. County of Oceana*, 2019 WL 6799096, at *4, n.1 (W.D. Mich. Dec. 13, 2019) (since the Sixth Circuit declined to decide whether *Kingsley* applied to deliberate indifference to serious medical needs cases in *Huq* "the two-pronged deliberate indifference standard continues to apply to medical claims by pretrial detainees."); *Hunt v.*

*Jones*, 2018 WL 1858164, at \*4, n.1 (E.D. Mich. Apr. 18, 2018) ("[T]he Court proceeds under the presumption that *Kingsley* only changed the standard for excessive-force claims."); *Waddell v. Lloyd*, 2019 WL 1354253, at \*4 (E.D. Mich. Mar. 26, 2019) (noting that although the Sixth Circuit suggested that *Kingsley* "warrants a reconsideration of circuit precedent," later Sixth Circuit cases, such as *McCain v. St. Clair Cty*, 750 F. App'x 399, 403 (6th Cir. 2018), did not extend *Kingsley* to deliberate indifference claims thus concluding that "the Court will proceed based on the (still) governing legal standard" which includes the subjective prong of the inquiry); *Gallmore v. York*, 2018 WL 1737120, at \*8 (E.D. Mich. Apr. 11, 2018) ("[T]he Court proceeds under the presumption that *Kingsley* did not change the standard governing claims of constitutionally inadequate medical care brought by pretrial detainees."); *Wilber v. Co. of Jackson*, 2016 WL 892800, at \*6 (E.D. Mich. Mar. 9, 2016) (noting post-*Kingsley* cases from the Sixth Circuit and other courts applying both prongs).

As the Sixth Circuit has not yet addressed the matter, and the district courts have uniformly concluded that *Kingsley* has not altered the analysis for deliberate indifference claims, I will follow current standards requiring both the objective and the subjective showings.

It is important to note that the instant motion is not one testing the factual support for the claim but rather focuses only on whether Plaintiffs have stated a plausible claim for relief under the motion to dismiss standards. The allegations in the First Amended Complaint state that "Wellpath does not require a mental health or psychiatric evaluation by a Qualified mental Health Professional prior to discontinuation of a community-

11

prescribed, clinically indicated psychotropic mediation" and that as "a matter of policy, practice, and/or custom Wellpath initially refused to provide prescribed, clinically indicated psychotropic medications to detainees and inmates if their prescriptions are not listed on its formulary." (ECF No. 8, PageID.64.) Plaintiffs further aver that Wellpath "uniformly misclassifies psychotropic prescription medications that were clinically indicated by community prescribers as 'Routine,' instead of 'High Priority,' thereby denying continuity of care." (ECF No. 8, PageID.64.) Plaintiff also state that "[o]nce denied a prescribed medication, Wellpath fails to adequately notify detainee-inmates regarding its prescription medication denials, the reason for the denials, and fails to provide any process for the detainee-inmates to appeal or request a waiver of Wellpath's denial of known prescription medications." (ECF No. 8, PageID.64.)

I suggest that these allegations adequately state a claim for deliberate indifference under both the objective and subjective prongs. *Nunn v. Bracey*, 1991 WL 16464, at *2-3 (6th Cir. Feb. 11, 1991) (plaintiff stated a claim for deliberate indifference where he was denied repeated requests for epilepsy medication and suffered a seizure); *Lyons v. Heyd*, 2015 WL 892375, at *7 (S.D. Ohio, Mar. 3, 2015) (denying motion to dismiss where plaintiff's pain medication was discontinued although readily available).

As to Defendant's argument that there has not been a sufficient allegation of a policy or practice governing decisions because each Plaintiff was treated differently or because Defendant's employees have individual discretion (ECF No. 10, PageID.134-141), I suggest this argument does not reveal that Plaintiffs have not stated a viable claim. Although Defendant cannot be held liable for the acts of its employees under a *respondeat*

12

*superior* theory of liability, I find there have been sufficient averments that Defendant was aware of the deficiencies to at least state a claim.

In *Modd v. Co. of Ottawa*, 2012 WL 5398797, at *23 (W.D. Mich. Aug. 24, 2012) (granting summary judgment in favor of defendant SecureCare), the court noted that "[e]ven if plaintiff were able to identify a deficiency in SecureCare's procedures in verifying and administering medications, SecureCare would not be liable under section 1983 unless those deficiencies were 'clear and persistent' such that the company was on actual or constructive notice of the problem." The court further noted that the "principal way" of proving this element is "to show a history of similar incidents of which the employer was or should have been aware, such that its failure to take ameliorative action can be deemed deliberate." *Id*. Here, Plaintiffs aver that "Wellpath has been at the center of numerous well-publicized tragedies in the State of Michigan involving suicide deaths and suicide attempts by detainees under its care" such that Wellpath [was] on clear notice that its inmates entering with serious mental illness were routinely deprived of their necessary psychotropic medications for unreasonable periods of time, causing serious injuries." (ECF No. 8, PageID.63.) I suggest that this is sufficient to at least allege clear and persistent deficiencies that provided Wellpath with actual or constructive notice, making any failure to act at least arguably deliberate. Accordingly, I suggest that Defendant's motion to dismiss should be denied as to the deliberate indifference claims.

### 3. Common law and gross negligence claims

#### a. Claims sound in medical malpractice

Defendant argues that Plaintiffs' common law and gross negligence claims asserted in Count V are made "in the context of a professional relationship involving medical judgment" and this the claim "sounds in medical malpractice" and is subject to the "'procedural requirements of a malpractice action…'" (ECF No. 10, PageID.142.) (citations omitted).

I first note that Plaintiffs likely assert gross negligence in addition to common law negligence because under Michigan law, a governmental actor is "immune from tort liability for injuries caused in the course of employment  while acting on behalf of his or her government employer if:…(c) the [individual's] conduct does not amount to gross negligence that is the proximate cause of the injury or damage."  Mich. Comp. Laws § 691.1407(2). Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(8)(a). Michigan case law has clarified that "gross negligence…suggests…almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he would conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v. Crabtree*, 263 Mich. App. 80, 90 (Mich. Ct. App. 2004), cited with approval in *Farris v. Co. of Antrim,* 2017 WL 104562, at *5 (Mich. Ct. App. Jan. 10, 2017).

14

Applying the above standards, I suggest that the instant claims sound in medical malpractice. Plaintiffs allege that Defendant, under various theories, disrupted and denied them of a continuity of prescription mental health care. Michigan cases hold that a claim will be considered a medical malpractice claim, regardless of its label, if it satisfies two criteria. First, the alleged negligence must have "occurred within the course of a professional relationship" and the facts of the claim must "raise questions involving medical judgment" rather than "issues that are within the common knowledge and experience of the jury." *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 27 (Mich. Sup. Ct. 1999). Here, I suggest that the claims are not completely within common knowledge. Plaintiff's complaint avers that Defendant operated under a policy to fail to properly prioritize psychotropic prescriptions in general, while a portion of defendant's motion rests on its argument that the individual medical professionals exercised independent medical judgments regarding prescription drugs. (*See*, e.g., ECF No.  10, PageID.140-41.) Whether the determinations were made in a sweeping manner or by individualized medical staff, the propriety of continuing or denying prescription medications lies beyond the ken of the jury. Therefore, I find Plaintiffs' claims sound in medical malpractice.

### b. Can the negligence claims operate independently of medical malpractice?

I suggest they cannot. A court in the Western District summarized that the Michigan "court's analysis shows that malpractice claims and 'gross negligence' claims exempt from government immunity are not distinct sets of legal actions…Rather, when a plaintiff brings

15

an action sounding in medical malpractice…both sets of laws apply [such that plaintiff's] allegation of gross negligence is thus relevant to any potential claims of governmental immunity [] but it does not take this claim out of the realm of malpractice." *Jones v. Corr. Med. Servs.*, 845 F. Supp. 2d 824, 847 (W.D. Mich. 2012). Therefore, both negligence and medical malpractice principles apply.

### c. Whether medical malpractice requirements under State law apply here

Medical malpractice claims must meet certain threshold requirements before they are permitted to proceed under Michigan law. These requirements include that Plaintiffs give notice of their intent to sue to the potential defendants prior to filing suit and that they attach a proper Affidavit of Merit to their Complaint. Mich. Comp. Laws §§ 600.2912b and 600.2912d; *Burton v. Reed City Hosp. Corp.*, 259 Mich. App. 74, 81 (Mich. Ct. App. 2003). (ECF No. 10, PageID.143.) Failure to file the affidavit of merit calls for "[d]ismissal without prejudice [] if the limitations period has not yet expired." *Ligons v. Crittendon Hosp.*, 490 Mich. 61, 73 (2011).

### i. Whether the State law requirements conflict with any federal rule

In *Long v. Adams*, 411 F. Supp. 2d 701, 705-07 (E.D. Mich. 2006), the court cited *Hanna v. Plumer*, 380 U.S. 460 (1965), and stated that *Hanna* "clarified the distinction between 'substantive' and 'procedural' laws and summarized that the Court held that "a federal court sitting in  diversity should determine whether a federal procedural rule directly 'collides' with the state law sought to be applied" and "[i]f a direct conflict exists, the federal rule ought to be applied if it is constitutional and within the scope of the Rules Enabling Act." *Long*, 411 F. Supp. 2d at 706. At first this quote appears confusing as it

16

addresses the test to distinguish substantive versus procedural issues but then refers to a test that cites only to "federal procedural rules." However, another quotation from *Hanna* cited by the court in *Long* elucidates the point further: "'When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their *prima facie* judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.'" *Long*, 411 F. Supp. 2d at 706, citing *Hanna*, 380 U.S. at 471. The court then noted that Fed. R. Civ. P. 8(a) had "no requirement that any affidavit of merit must be filed to commence a medical malpractice case in federal court" such that the "presence or absence of an affidavit does not render the complaint defective or subject to dismissal." *Long*, 411 F. Supp. 2d at 707. Thus, the court found a conflict between the properly promulgated Federal Rule and the Michigan requirements that a complaint for medical malpractice attach an affidavit of merit. The court then relied on the Federal Rule's absence of any affidavit of merit requirement and declined to require such affidavit.

A federal district court in the Western District of Michigan also focused on application of the *Hanna* case but came to the opposite conclusion and found that neither Fed. R Civ. P. 8, 9, 11 or 26 presented a direct conflict with the state malpractice requirement of an affidavit of merit. *Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d 824, 848-58 (W.D. Mich. 2012). Thus, the court concluded that the affidavit of merit requirement applied to the gross negligence claim sounding in medical malpractice. *Id*. The

court based its conclusion on the determination that although the affidavit of merit must be attached to a complaint in State court, it is not a pleading: "Michigan's affidavit of merit have little in common with pleadings, aside from their being filed along with the complaint." *Jones*, 845 F. Supp. 2d at 855.

I find that the basis for this conclusion is flawed.  "'[D]ocuments that are attached to the pleadings become part of the pleadings…" *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c))." *Johnson v. Doe*, 2016 WL 3097026, at *3 (E.D. Mich. July 26, 2016); *Capital Equity Group v. Ripken Sports Incorporated*, 744 F. App'x 260, 262 (6th Cir. July 30, 2018) (further noting that when an instrument is attached to a complaint, "the attachment becomes 'a part of the pleadings for all purposes'") Michigan courts also consider items attached to a complaint, especially when required to be attached to a complaint, to become a part of the complaint. *Meyer v. Oakland Community College Bd. of Trustees*, 2020 WL 91088, at *5, n.3 (Mich. Ct. App. Jan. 7, 2020) ("Once attached to the Complaint, a written instrument required to be attached to the complaint [such as a contract] becomes part of that pleading for all purposes.") *Bodnar v. St. John Providence, Inc.*, 327 Mich. App. 203, 212 (Mich. Ct. App. 2019) (a contract "attached to the complaint [] thus becomes part of the pleadings."). However, even if the basis for the conclusion is flawed, the conclusion itself may be appropriate.

I suggest that the federal Rule 8's pleading requirements do not directly conflict with the State affidavit of merit requirement for medical malpractice complaints. The Federal Rule is silent on malpractice likely because malpractice is a state law claim not

addressed by federal courts except in diversity cases or federal question cases where the court exercises supplemental jurisdiction. I find, unlike the court in *Long*, that Rule 8's silence is not by design that could stand in contrast to Michigan's affidavit requirement but rather that the Rule's silence is just silence on a topic not governed by federal law.

The court in *Jones* ended its inquiry after determining there was no direct conflict between any federal rule and the state's malpractice requirement of an affidavit of merit. The court did not go on to consider application of the *Erie v. Tompkins* analysis of whether the state statutory requirement was substantive or procedural in nature. As noted above, the Supreme Court in *Hanna* indicated that its analysis only applied when a "situation is covered by one of the Federal Rules" that conflicted with a State statute or rule. *Hanna*, 330 U.S. at 471. Only then, does the question escape the "unguided" *Erie* choice. *Id*. Once it is determined that no conflict exists, *Hanna* requires that the *Erie* analysis be applied to determine whether the non-conflicting requirement is substantive or procedural in nature. *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1257-58 (11th Cir. 2011), cited with approval in *Barnes v. Sun Chemical Corp.*, 164 F. Supp. 3d 994, 996 (W.D. Mich. 2016).

Having found no direct conflict, I must then determine whether the affidavit of merit requirement under Michigan law is substantive or procedural under *Erie* principles.

### ii.     Whether the State requirements are substantive or procedural

Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts considering state-law claims are to apply state law for all substantive issues and federal law for all procedural issues.

19

The Sixth Circuit has not yet addressed the question whether Michigan's medical malpractice requirements are substantive or procedural under *Erie*. Like others, "'[t]his Court acknowledges that "[t]he federal district courts in Michigan appear to be split on whether Michigan's medical malpractice statutory requirements [which include the filing of an affidavit of merit] are substantive or procedural in nature.'"*Colen v. Corizon Med. Servs.*, 2018 WL 1477664, at *17–18 (E.D. Mich. Mar. 27, 2018) (alteration added) (comparing cases and declining supplemental jurisdiction over claim); *Moore v. Kulkarni*, 2019 WL 4312135, at *8-9 (E.D. Mich. May 31, 2019) (noting federal district court split in Michigan but avoiding resolution based on recommended dismissal of federal claims and further recommended decline of supplemental jurisdiction over state law claims).

Some courts have simply applied the state law notice and affidavit of merit requirements without any discussion of whether the requirements are substantive or procedural. *See*, e.g.,*Burley v. Abdellatif*, 2018 WL 3300315, at *15 (E.D. Mich. Jan. 26, 2018); *Simmons v. Rogers*, 2017 WL 1179376, at *5 (W.D. Mich. Mar. 30, 2017). Other courts have summarily concluded, without analysis, that the state law malpractice requirements are procedural and thus, do not apply to federal courts. *See*, e.g., *Stojcevski v. County of Macomb*, 2016 WL 2893016, at *1 (E.D. Mich. May 18, 2016).

A substantive State law is one that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.'" *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir. 2008) (citation omitted). A law is substantive if it "would be controlling in an action upon the same claim by the same parties in State Court' and would

'significantly affect the result of a litigation for a federal court to disregard' it." *Guar. Trust Co. v. York*, 326 U.S. 99, 109 (1945). "[T]he outcome of the litigation should be substantially the same, as far as the legal rules determine the outcome of the litigation, as it would be if tried in a State court." *Felder v. Casey*, 487 U.S. 131, 151 (1988). Analysis "must be guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996). "State rules of procedure, particularly those promulgated by a state supreme court, usually have no effect in federal court because they do not embody a 'substantial policy of the state'; and even where a state statute is 'procedural in nature,' the Court will apply the federal procedural rule." *Barnes*, 164 F. Supp. 2d at 999.

Some courts have concluded that since a case can be dismissed for failure to attach the affidavit of merit to the complaint, the requirement is outcome determinative and thus, substantive. *See*, e.g., *Johnson v. Williams*, 2017 WL 4236548, at *15 (E.D. Mich. Sept. 25, 2017) (also finding that a contrary result could encourage forum shopping). Others have noted that even if a case can be dismissed for failure to attach an affidavit of merit to the complaint, the complaint can be re-filed within the limitation period and thus, any dismissal is without prejudice and not outcome determinative, thereby rendering the rule procedural rather than substantive. *Gold v. City of Sandusky*, 2016 WL 5462970, at *4 (N.D. Ohio, Sept. 29, 2016) (considering similar Ohio law requiring an affidavit of merit, citing conflicting decisions and concluding that the requirement was procedural rather than substantive because a dismissal for failure to comply with the rule is not based on the merits, has no effect on the end result of the claim, and a plaintiff can re-file within the

limitation period); accord, *Osborne v. Pickaway Co., Ohio*, 2020 WL 1275722, at *6 (S.D. Ohio, Mar. 17, 2020); *Muncy v. Siefer*, 2013 WL 1284233, at *7-8 (N.D. Ohio Mar. 26, 2013).

I find that the affidavit of merit requirement is procedural rather than substantive. It requires only that an affidavit be filed with a complaint. If the affidavit of merit does not accompany the complaint, the action will be dismissed without prejudice, allowing the lawsuit to be re-filed within the limitation period. *Ligons, supra*. The requirement of the affidavit does not alter or even address the elements of the cause of action, it is not substantive but rather serves only as a gate-keeping hoop to jump through before the merits of the claim can be litigated. I note that the possibility of failure to abide by the requirements being outcome determinative is no more of a risk than failing to abide by the requisite statute of limitations. Yet, case law has long and unanimously concluded that "statutes of limitations are procedural rules" which nonetheless may apply in absence of any federal law setting a limitation period or in cases where the federal court exercises diversity or supplemental jurisdiction. *See*, e.g., *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1375 (6th Cir. 1989). This result is also buttressed by cases delineating the difference between statute of limitation and statutes of repose. Statutes of repose are considered substantive because they extinguish both the right and the remedy, while statutes of limitation are procedural, extinguishing only the remedy. *Tipton v. CSX Transportation, Inc.*, 2017 WL 10398182, at *4 (E.D. Tenn. Oct. 25, 2017) (citations omitted); *Grant v. KIA Motors Corp.*, 185 F. Supp. 3d 1033, 1042 (E.D. Tenn. 2016);

*Huddleston v. United States*, 485 F. App'x 744, 746 (6th Cir. 2012).[2] I therefore conclude that the Michigan requirements of notice and an affidavit of merit are procedural rather than substantive. Thus, I suggest that any failure to abide by these requirements does not provide grounds for dismissal in this federal court.

Michigan's view of its own law supports this conclusion. Federal courts are not bound by a State's characterization of its own statute or rule as substantive or procedural largely because State courts do not make such classifications in the *Erie* context. *Byrd v. Blue Ridge Rural Elec. Co-op, Inc.*, 356 U.S. 525, 550 (1958). However, such characterizations may still provide some guidance. Michigan courts appear to consider the requirements of providing a notice of intent and filing an affidavit of merit to be procedural in nature. *Trowell v. Providence Hosp. and Med. Ctrs.*, 502 Mich. 509, n.4 (Mich. Sup. Ct. 2018) ("Defendant also alleged that plaintiff had failed to file an affidavit of merit, MCL 600.2912d(1), which is another procedural requirement of a medical malpractice suit."); *Legion-London v. Surgical Inst. of Michigan,* LLC, ___ Mich. App. ___, 2020 WL 593395, at *5, n. 9 (Feb. 6, 2020) (concluding that amendments to court rules were made to "bring medical malpractice procedural requirements in line with those applicable to other civil actions" thus, allowing an affidavit of merit to be amended if criteria for amendment are met); *Price v. Marras*, 2020 WL 4249065, at * 3 (Mich. Ct. App. July 23, 2020) (noting

---

[2] These tenets should be contrasted from situations where a federal statute creates rights and provides for a limitation period. "The Supreme Court has told us that where statutes that create rights and remedies contain their own limitation periods, the limitation periods should be treated as a substantive right." *Logan v. MGM Grand Detroit*, 939 F.3d 824, 826 (6th Cir. 2019) (giving statutory examples of statutes that create rights and remedies, e.g., Title VII, FLSA and EPA and noting that "[t]raditionally, statutes of limitation were regarded as procedural mechanisms.")

that "four out of plaintiff's six claims were properly dismissed for failing to comply with the procedural requirements [notice of intent and affidavit of merit] necessary to commence a medical malpractice claim, and the applicable statutory limitations period for medical malpractice actions expired when she filed her complaint."); *Estate of Wrenn v. Spectrum Comm. Servs.*, 2019 WL 845711, at *5 (Mich. Ct. App. Feb. 21, 2019) ("the dispositive question before us is whether this case is one for medical malpractice to which these procedural requirements [notice of intent and affidavit of merit] apply or whether the case sounds in negligence."); *Joe v. Community Emergency Medical Service*, 2016 WL 3030862, at *6 (Mich. Ct. App. May 26, 2016) ("Failure to comply with the procedural requirements of a medical malpractice claim is dismissal [sic] of plaintiff's claim. One such procedural requirement is that a medical malpractice claimant must provide to proposed defendants notice of his intent to sue…")

I therefore recommend that Defendant's motion to dismiss be denied on this ground.

### 4. Injunctive relief

Defendant contends that the claim for injunctive relief should be dismissed because they are not entitled to such relief, they "cannot be said to allegedly suffer continuing irreparable injury as all three (3) individuals are no longer under the medical care of Wellpath employees" because they reside at facilities that Wellpath does not service (Hall, Gresham) or they have been released from the prison system (Lafuze). (ECF No. 10, PageID.143-44.)

"When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and

24

injunctive relief and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot." *Hyde v. McAllister*, 2016 WL 1090983, at *2 (S.D. Ohio Mar. 21, 2016) (collecting cases), citing *Sossamon v. Texas*, 131 S. Ct. 1651, 1669-70 (2011). Plaintiffs cite to the fact that the "alleged violations are daily recurring, affecting tens of thousands of inmates in every county jail where Wellpath operates[,]" at this time, there is no class action involving these masses and the court can only adjudicate the claims currently before it. Accordingly, I suggest that Defendant's motion to dismiss be granted as to the claim for injunctive relief.

### D.      Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 10) be granted as to the claims for injunctive relief but denied in all other respects.

## III.    <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may

have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 23, 2020          S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge