UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HALL, BRAD LaFUZE,
and MARTELL GRESHAM,

                Plaintiff,

    vs.

WELLPATH,

                Defendant.

_____/

Case No. 20-CV-10670

HON. GEORGE CARAM STEEH

OPINION AND ORDER ACCEPTING IN PART
AND REJECTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 18]
AND DENYING DEFENDANT'S MOTION TO DISMISS [ECF No. 10]

Plaintiffs filed their amended class action complaint on May 4, 2020

against defendant Wellpath.   Wellpath is a private, for-profit administrator

of health care services, including prescription medication services and

utilization management services, to 25 county jails in Michigan as well

hundreds more throughout the United States.   The named plaintiffs were

incarcerated as pretrial detainees in the Grand Traverse County Jail and

the Wayne County Jail.   The plaintiffs accuse Wellpath of causing

"systematic and unreasonable interruption, discontinuation, denial, and/or

delay of prescribed psychotropic medications to detainees with previously

diagnosed, serious mental health care conditions[.]"   Plaintiffs allege that

they suffered avoidable serious mental health crises during the initial stages of their incarceration as a result of Wellpath's corporate policies relating to the administration of prescription mental health medications.

The amended complaint avers the following counts: (1) "Fifth/Fourteenth Amendments (as to pretrial-detainees), Monell Claim, Denial of Due Process, Deliberate Indifference to Known Serious Medical Needs" under 42 U.S.C. §§ 1983 and 1988; (2) "Monell Claim, Eighth Amendment (as to convicted detainees), Cruel and Unusual Punishment, Deliberate Indifference to Known Serious Medical Needs" under 42 U.S.C. §§ 1983 and 1988; (3) "Substantive Due Process Violation, State Created Danger" under 42 U.S.C. §§ 1983 and 1988; (4) "Fourteenth Amendment, Denial of Procedural Due Process without Meaningful Opportunity to Challenge Determination or be Heard Regarding Deprivation" under 42 4 U.S.C. §§ 1983 and 1988; and (5) "Common Law Negligence and Gross Negligence[.]" (ECF No. 8).   In the request for relief, plaintiffs seek an order certifying one or more classes pursuant to Fed. R. Civ. P. 23. Plaintiffs seek a declaratory order that Wellpath violated the constitutional rights of plaintiffs and the class, and an order declaring Wellpath liable for each cause of action.   Plaintiffs further seek compensatory damages, punitive and exemplary damages, attorney fees and costs, injunctive relief,

consequential damages and any other relief the court deems fair and equitable.

Wellpath filed a motion to dismiss Counts I, II, and V (ECF No. 10) which was referred to the magistrate judge for a report and recommendation.   Magistrate Judge Patricia Morris issued a Report recommending that the motion to dismiss be granted as to the claims for injunctive relief and denied in all other respects (ECF No. 18).   Wellpath and plaintiffs filed timely objections to the Report and Recommendation ("R&R") (ECF No. 19 and 20).   Each party responded to the other's objections (ECF No. 21 and 22).   The Court has considered the arguments made in the parties' pleadings and does not believe it will be further aided by oral argument.

When ruling on objections to an R&R, the court conducts a de novo review of the portions of the R&R to which a party has filed specific objections.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). General objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object."   *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).   In this case, Wellpath states three objections

and plaintiffs state four objections to the R&R.

I.    Wellpath's Objection One - The R&R Failed to Consider all Evidence
      Advanced in Support of Defendant's Motion to Dismiss Plaintiffs'
      Deliberate Indifference Claims

      Defendant's first objection is that the Magistrate Judge did not

analyze or address defendant's written policies before concluding that

plaintiffs stated a claim of deliberate indifference.   Plaintiffs' deliberate

indifference claims are brought under a *Monell* theory of liability.   Plaintiffs

allege that they were injured because Wellpath's policies systematically led

to a discontinuity of care for previously prescribed psychotropic

medications for unreasonable amounts of time.   To state a *Monell* claim,

"[t]he plaintiff must plead and prove an injury caused by an action taken

pursuant to some official policy or custom." *Thomas v. Coble*, 55 Fed.

Appx. 748, 748-749 (6th Cir. 1995) (citing *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 691 (1978)).

      In one allegation, the First Amended Complaint avers that "as a

matter of policy, practice, and/or custom Wellpath initially refuses to provide

prescribed, clinically indicated psychotropic medications to detainees and

inmates if their prescriptions are not listed on its formulary" (ECF No. 8,

PageID.64).   In support, plaintiffs allege that Cheryl Hall was informed by

Wellpath's staff that she did not receive her mental health medications

because they were not on the company's formulary (ECF No. 8, Pg.ID.79,

¶127).   The Magistrate Judge looked at these allegations in the First

Amended Complaint, which refer to the policies, practices and/or customs

of Wellpath, and concluded that plaintiffs stated a viable claim for deliberate

indifference (ECF No. 18, PageID.258-259).

Defendant's arguments about the sufficiency of evidence and the

legality of its policies are better suited to a motion for summary judgment.

The court overrules defendant's first objection to the R&R and concludes

that plaintiffs have stated causes of action for deliberate indifference to

their known serious medical needs.

II.   Wellpath's Objection Two – The R&R Erred in not Dismissing
      Plaintiffs' Eighth Amendment Claim

Plaintiffs bring two different claims for deliberate indifference to their

known serious medical needs: one alleges a violation of substantive due

process under the Fourteenth Amendment and the other alleges violation

of the Eighth Amendment's prohibition on cruel and unusual punishment.

The Eighth Amendment protects convicted prisoners, *City of Revere v*

*Massachusetts Gen. Hosp*,. 463 U.S. 239, 244 (1983), while the claims of

pre-trial detainees are protected under the Fourteenth Amendment.

*Richko v. Wayne Co., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citation

omitted) ("under the Fourteenth Amendment, pretrial detainees are 'entitled

to the same Eighth Amendment rights as other inmates'").

Defendant argues that Count II of the First Amended Complaint,

asserting a claim of deliberate indifference under the Eighth Amendment,

should have been dismissed.   However, Count II alleges a *Monell* claim for

violations of *convicted detainees'* rights under the Eighth Amendment.

Named plaintiff Mr. Lafuze is described as having been incarcerated as

both a pre-trial detainee and a convicted detainee, as such he is entitled to

the protections of the Eighth Amendment.   The court finds that the

Magistrate Judge did not err and overrules defendant's objection.

III.    Wellpath's Objection Three - The R&R Erred in Concluding that the
        Medical Malpractice Pre-Suit Requirements in Federal Court are
        Procedural and not Substantive and are not a Basis for Dismissal for
        Failing to Comply

The Magistrate Judge considered whether the state law requirement

of an affidavit in medical malpractice cases is required for negligence and

gross negligence claims brought in federal court under diversity jurisdiction.

The Magistrate Judge followed the court's reasoning in *Long v. Adams*, 411

F.Supp.2d 701, 709 (E.D.Mich. 2006).   There, the court held that

"Michigan's heightened pleading requirements for medical malpractice

cases do not apply to cases filed in federal court invoking the Court's

diversity jurisdiction[.]"

The affidavit of merit requirement is designed to prevent frivolous medical malpractice claims.   *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 47 (1999).   The Magistrate Judge recognized that "[t]he federal district courts in Michigan appear to be split on whether Michigan's medical malpractice statutory requirements [which include the filing of an affidavit of merit] are substantive or procedural in nature.'"   *Colen v. Corizon Med. Servs.*, 2018 WL 1477664, at *17–18 (E.D. Mich. Mar. 27, 2018) (comparing cases and declining supplemental jurisdiction over claim); *Moore v. Kulkarni*, 2019 WL 4312135, at *8-9 (E.D. Mich. May 31, 2019) (noting federal district court split in Michigan but avoiding resolution based on recommended dismissal of federal claims and further recommended decline of supplemental jurisdiction over state law claims).

Following a thorough analysis, the Magistrate Judge concluded that the affidavit of merit requirement is procedural because a failure to file an affidavit results in the action being dismissed without prejudice.   The action may then be re-filed within the limitations period.   Therefore, the requirement of the affidavit does not alter the elements of the cause of action and is not substantive.   The court is

- 7 -

persuaded that the Magistrate Judge correctly concluded that the

affidavit of merit required by state law is procedural and is not required

for medical malpractice claims sounding in negligence or gross

negligence brought before the court under diversity jurisdiction.

Defendant's objection is overruled.

IV.   Plaintiffs' Objection One - Plaintiffs' Requests for Prospective
      Injunctive Relief Should Not Be Dismissed Because Special
      Mootness Rules Have Been Established for Class Actions, and
      Plaintiffs' Request for Injunctive Relief Springs from Inherently
      Transitory Injuries that would Necessarily Evade Review

Plaintiffs object to the recommendation that their request for

injunctive relief is rendered moot because each of the named plaintiffs was

eventually released from the county jail and is no longer under the medical

care of Wellpath employees.   To establish standing, plaintiffs invoke the

"inherently transitory" exception often applied in class actions.   Courts

have applied the "inherently transitory" exception in class action cases

where "1) the injury is so 'transitory' that it would likely evade review by

becoming moot before the district court could rule on class certification and

2) it is certain that other class members are suffering the injury.   An injury

is considered 'transitory' if there is 'uncertainty about how long an injury

caused by ongoing conduct will persist.'" *Allen v. Ohio Civ. Serv. Emples.*

*Ass'n AFSCME, Local 11*, 2020 WL 1322051, *6 (S.D. Ohio March 20,

2020) (quoting *Wilson v. Gordon*, 822 F.3d 934, 945 (6th Cir. 2016)).

Plaintiffs refer to the inherently transitory nature of being denied psych meds in county lockups.   The First Amended Complaint alleges that "[c]ontinuity of care with prescribed psychotropic medications is particularly important because of the injuries that can occur within a very short period of time following incarceration."   (ECF No. 8, Pg.ID.74, ¶77). Furthermore, the nature of county jails and lockups, pursuant to Michigan law, is that they are only utilized to house prisoners with relatively short sentences of less than a year, but more frequently for days or weeks prior to arraignment, sentencing, or a transfer to an MDOC prison.

Plaintiffs' First Amended Complaint claims that the alleged violations were recurring and affecting inmates in every county jail where Wellpath operates.   "[T]he essence of the [inherently transitory] exception is uncertainty about whether a claim will remain alive for any given plaintiff long enough for a district court to certify the class."   *Wilson v. Gordon*, 822 F.3d at 946 (citing *Olson v. Brown,* 594 F.3d 577, 582 (7th Cir.2010)). This court finds that plaintiffs, the proposed class representatives, have adequately alleged a basis for seeking injunctive relief based on contemporaneous and recurring violations by Wellpath for purposes of surviving a motion to dismiss.

Plaintiffs' first objection is sustained.

V.   Plaintiffs' Objection Two – The Magistrate Judge Did Not Apply the
Applicable Mootness Standard of Review, which Places the Burden
on the Defendant to Demonstrate that There Is No Reasonable
Expectation that the Alleged Violations Will Recur and that Interim
Events Have Completely and Irrevocably Eradicated the Effects of
the Alleged Violation

Plaintiffs object to the dismissal of the claim for injunctive relief by

Lafuze and Gresham in particular because they are repeat offenders who

suffer from mental illness, have been incarcerated in county jails on

numerous occasions, and are likely to experience recurring violations by

Wellpath (ECF. No. 8, ¶ 206, ¶ 265).   Plaintiffs contend it is reasonable to

expect that they will again be incarcerated in a county jail and impacted by

Wellpath's policies, practices and customs.

Having already found that plaintiffs may pursue their claims for

injunctive relief, the court does not need to further address this objection.

VI.   Plaintiffs' Objection Three - If the Court Determines that the Named
Plaintiffs' Claims Are Insufficient to Represent the Class in Pursuing
Injunctive Relief, the Correct Course of Action is to Dismiss Plaintiffs'
Claims for Injunctive Relief without Prejudice, thereby Providing
Plaintiffs with an Opportunity to Move to Amend and Cure by Adding
a Named Plaintiff Whose Injunctive Claims Are Not Moot

This objection is also moot in light of the court's finding that plaintiffs

may proceed with their request for injunctive relief.

VII.    Plaintiffs' Objection Four - Plaintiffs' Negligence Claims Do Not
        Necessarily Sound in Medical Malpractice

Plaintiffs take issue with the Magistrate Judge's finding that their

negligence and gross negligence claims in Count V necessarily sound in

medical malpractice.   Plaintiffs point out that in each of its contracts with

county governments, Wellpath expressly states that it is not a licensed

medial provider or professional.   As Wellpath explains, this is because it

does not practice medicine as a corporation but rather it contracts with

licensed professionals who provide medical services under its supervision.

Michigan courts have held that the provision of "medical care at the

time the alleged negligence occurred means that the plaintiff's claim may

possibly sound in medical malpractice; it does not mean that the plaintiff's

claim certainly sounds in medical malpractice."   *Bryant v. Oakpointe Villa*

*Nursing Ctr., Inc.*, 471 Mich. 411, 421 (2004).   "The determination whether

a claim should be treated as a medical malpractice claim or an ordinary

negligence claim depends on whether the facts allegedly raise issues that

are within the common knowledge and experience of the jury or,

alternatively, raise questions involving medical judgment."   *Eubanks v.*

*Henry Ford Hosp.*, 2002 WL 1999759, *2 (Mich. Ct. App. Aug. 27, 2002).

The Magistrate Judge concluded that whether Wellpath's "determinations were made in a sweeping manner" pursuant to their policies or by individual medical staff, the propriety of continuing or denying prescription medications lies beyond the ken of the jury" (ECF No. 18, PageID.262).   The Court agrees that this conclusion and the analysis that led to it is sound.   Of course, should the evidence support a contrary conclusion, Fed. R. Civ. P. 54(b) provides that an order or decision other than a final judgment "may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Plaintiffs' objection is overruled.

Now, therefore,

IT IS HEREBY FURTHER ORDERED that the Report and Recommendation [ECF No. 18] is accepted in part and rejected in part.

IT IS HEREBY FURTHER ORDERED that defendant's motion to dismiss [ECF No. 10] is DENIED.

Dated:   January 27, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE