UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HALL, BRAD LaFUZE,
and MARTELL GRESHAM,

        Plaintiffs,

                      Case No. 20-CV-10670

  vs.

                      HON. GEORGE CARAM STEEH

WELLPATH,

        Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [ECF No. 25]

This matter is before the court on defendant Wellpath's motion for reconsideration of the opinion and order accepting in part and rejecting in part the Magistrate Judge's report and recommendation. Defendant's motion is based on an argument made in its motion for summary judgment that "because plaintiffs' claim[] of gross negligence stem[s] from a professional relationship involving medical judgment, it sounds in medical malpractice (ECF No. 10, PageID.142-143). As a consequence, defendant maintained that plaintiffs were required to comply with the statutory pre-suit requirements set forth in MCL § 600.2912: "Among Plaintiffs' failures in that regard are their failures to give notice of their intent to sue and to file an Affidavit of Merit to support their Complaint or First

- 1 -

Amended Complaint." (ECF No. 10, PageID.143).

The Magistrate Judge addressed the issue of whether plaintiffs' gross negligence claim sounds in medical malpractice (she recommended that it does) and whether it is subject to the threshold requirements of a malpractice action (she recommended that it is not). The Magistrate Judge identified the requirements that must be met before plaintiffs can proceed with a medical malpractice claim under Michigan law as giving "notice of their intent to sue to the potential defendants prior to filing suit and that they attach a proper Affidavit of Merit to their Complaint." (ECF No. 18, PageID.263). The Magistrate Judge then referred to several court decisions, some of which focused on the Michigan requirement of an affidavit of merit, in analyzing the distinction between substantive and procedural laws. The Magistrate Judge ultimately concluded that the Michigan requirements of providing a notice of intent and filing an affidavit of merit are procedural rather than substantive (ECF No. 18, PageID.270). She "suggest[ed] that any failure to abide by these requirements does not provide grounds for dismissal in this federal court." *Id*.

Defendant filed three objections to the report and recommendation (ECF No. 19). The third objection was that the Magistrate Judge erred in concluding that medical malpractice pre-suit requirements in federal court

- 2 -

are procedural so failing to comply does not provide a basis for dismissal. Defendant's objection discussed only the affidavit of merit:

> In the State of Michigan, § 600.2912d requires that a plaintiff in a medical malpractice action "file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169." Mich. Comp. Laws § 600.2912d(1). The affidavit of merit requirement is designed to prevent frivolous medical malpractice claims. *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 47, 594 N.W.2d 455, 466 (1999). The Magistrate Judge in this case concluded that no conflict exists between Federal pleading requirements under Rule 8 and the State affidavit of merit requirement for medical malpractice complaints. (PageID.265). While Defendant agrees with the conclusion that Federal pleading standards and State medical malpractice pre-suit requirements do not conflict, Defendant disagrees with the ultimate conclusion that the state requirements are procedural rather than substantive and believes the Magistrate judge to have erred in this conclusion.

ECF No. 19, PageID.280-281.   The argument following defendant's framing of the issue also focuses solely on the requirement of filing an affidavit of merit.

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505, 508 (6th Cir. 1991).   In this case, the report and recommendation itself advised the parties that "making some objections, but failing to raise others, will not preserve all the objections a party may have[.]   *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991) . . . ." (ECF No. 18, PageID.272-273).

In its motion for reconsideration, defendant argues that the court erred in not analyzing "the Michigan pre-suit notice requirement in addition to the requirement of attaching an affidavit of merit."   ECF No. 25, PageID.341.   "Defendant requests that the Court reconsider whether the Magistrate Judge erred in concluding that the pre-suit notice and waiting period requirement under Michigan law was procedural, and therefore not required in the present suit."   The court finds that this argument was not raised in the timely objections to the report and recommendation and is not appropriately raised by motion for reconsideration.   Nor has the argument been preserved for appellate review.   *Willis*, 931 F.2d at 401.

IT IS HEREBY ORDERED that defendant's motion for reconsideration [ECF No. 25] is DENIED.

Dated:   February 16, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
