**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CHERYL HALL, BRAD LAFUZE, and MARTELL GRESHAM, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 20-cv-10670 |
| vs. | )<br>)<br>) Hon. George C. Steeh |
| WELLPATH LLC, by and through its Chief Clinical Officer and designees, the Responsible Health Authority/Health Services Administrator, and/or its respective Site Medical Directors. | )<br>) Mag. Judge Patricia T. Morris<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COUNT V PURSUANT TO FED. R. CIV. P. 12(H)(3)**

NOW COME Plaintiffs Cheryl Hall, Brad Lafuze, and Martell Gresham (hereinafter referred to collectively as "Plaintiffs"), by and through their attorneys, Liddle & Dubin, P.C., in opposition to Defendant Wellpath LLC's Motion to Dismiss Plaintiffs' First Amended Complaint, this time pursuant to Fed. R. Civ. P. 12(H)(3). This is Defendant's second, successive motion to dismiss Plaintiffs' Count V because Plaintiffs did not comply with the Michigan procedural requirements of providing notice of intent to sue and an affidavit of merit pursuant to MCL § 600.2912b. In opposition to this successive motion, Plaintiffs state as follows:

1. Plaintiffs admit that Plaintiffs Cheryl Hall and Brad Lafuze filed their original complaint on March 12, 2020.

1

2. Plaintiffs admit that the First Amended Complaint, which is the subject of Defendant's second motion, was filed on May 4, 2020 and added Martell Gresham as a proposed class representative plaintiff.

3. Plaintiffs dispute Defendant's incomplete characterization of their claims. Plaintiffs raise the following five claims: (1) violations of U.S. Const. Fourteenth Amendment, substantive due process clause for deliberate indifference to known serious medical needs; (2) violations of U.S. Const. Eighth Amendment for cruel and unusual punishment arising from deliberate indifference to known serious medical needs; (3) violations of U.S. Const. Fourteenth Amendment substantive due process clause arising from state created danger; (4) violation of U.S. Const. Fourteenth Amendment procedural due process clause; and (5) common law negligence and gross negligence. These claims arise from the systemic and unreasonable interruption, discontinuation, denial, and/or delay of previously prescribed psychotropic medications by Defendant, a private, for-profit administrator of prescription medication services and utilization management services to approximately 25 county jails throughout the State of Michigan. Plaintiffs' constitutional claims allege unconstitutional policies, ***practices, and customs*** by Defendant Wellpath relating to discontinuity of psychotropic medication care to inmates in county jails throughout Michigan, which has caused injuries to Plaintiffs and the putative class.

4. Admitted.

5. Plaintiffs admit that Defendant previously filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 10]. Defendant's prior motion sought dismissal of Counts I, II, and V of Plaintiffs' First Amended Complaint and included a request to "dismiss" Plaintiffs' claims for injunctive relief. Importantly for the purposes of this motion, Defendant clearly argued that Plaintiffs' Negligence/Gross Negligence Claim (Count V) should have been dismissed

because Plaintiffs failed "to give notice of their intent to sue and to file an Affidavit of Merit to support their Complaint or First Amended Complaint." [ECF No. 10, Pg.ID.143] (citing MCL § 600.2912b and 500.2912d). Through Defendant's first motion, Wellpath repeatedly referred to Michigan's notice of intent to sue and the affidavit of merit provisions as "procedural requirements". [ECF No. 10, Pg.ID.143] (citing *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 43, 594 N.W.2d 455 (1999)).

6. Plaintiffs admit that they responded in opposition to Defendant's (first) Motion to Dismiss and argued that their claims did not fall under Michigan's medical malpractice statute. Importantly, the Court held otherwise. [ECF No. 23, Pg.ID.329-331]. That is because "[w]hether determinations [to deny or withhold prescription medications] were made in a sweeping manner or by individualized medical staff, the propriety of continuing or denying prescription medications lies beyond the ken of the jury." [ECF No. 18, Pg.Id.262].

7. Plaintiffs admit that the Magistrate Judge recommended granting in part and denying in part Defendant's first Motion to Dismiss. However, critically, Defendant omits that the Magistrate Judge held that Michigan's medical malpractice pre-suit requirements, including "the state law notice and affidavit of merit requirements" [ECF No. 18, Pg.ID.267], are "procedural rather than substantive." [*Id.*, Pg.ID.269]. Accordingly, "any failure to abide by these [procedural] requirements does not provide grounds for dismissal in this federal court." [*Id.*, Pg.ID.270].

8. Plaintiffs admit that this Court adopted the Magistrate Judge's conclusions with respect to Plaintiffs' Count V for negligence and gross negligence, including the Magistrate Judge's *Erie* analysis, which concluded that Michigan's procedural requirements are not applicable in this federal court.

9. Denied. Plaintiffs argued that their claims did not sound in medical malpractice. However, this Court disagreed.

10. Admitted. However, Defendant again omits that this Court adopted the Magistrate Judge's *Erie* analysis, which held that that "any failure to abide by [Michigan's procedural] requirements does not provide grounds for dismissal in this federal court." [*Id.*, Pg.ID.270]. This Court held that "the Magistrate Judge correctly concluded that the affidavit of merit required by state law is procedural and is not required for medical malpractice claims sounding in negligence or gross negligence brought before this Court under diversity jurisdiction." [ECF No. 23, Pg.ID.331]. This Court also denied Defendant's Motion for Reconsideration of the *Erie* analysis, stating that Defendant failed to make "timely objections to the report and recommendation" and that the issue was already decided, and not appropriately raised in Defendant's initial objections. [ECF No. 27, Pg.ID. 423]. These holdings that Plaintiffs are not required to comply with Michigan procedural requirements in this diversity case are the law of the case.

11. Admitted. However, these state law procedural requirements are not applicable here.

12. Admitted.

13. Plaintiffs recognize the well-established *Erie* principles cited by Defendant. However, this Court held that Michigan's pre-suit medical malpractice requirements are procedural, not substantive, and therefore do not apply in this diversity case.

14. Plaintiffs deny, as this Court held, that Michigan's procedural requirements in medical malpractice actions apply in this diversity case. Defendant fails to argue that Plaintiffs failed to properly allege diversity jurisdiction. Defendant also fails to produce evidence to support

4

an argument that the parties are in fact not diverse. Instead, Defendant attempts to bootstrap its prior, rejected *Erie* arguments into a misplaced jurisdictional argument.

15. Admitted.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court **DENY** Defendant's Motion to Dismiss Plaintiffs' Count V Pursuant to Fed. R. Civ. P. 12(H)(3) in its entirety.

Dated: April 8, 2021                                          Respectfully submitted,

**LIDDLE & DUBIN, P.C.**
by: /s/ Matthew Z. Robb
Steven D. Liddle (P45110)
Matthew Z. Robb (P81665)
975 E. Jefferson Avenue
Detroit, Michigan  48207
(313) 392-0025
sliddle@ldclassaction.com
mrobb@ldclassaction.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| CHERYL HALL, BRAD LAFUZE, and MARTELL GRESHAM, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 20-cv-10670 |
| vs. | )<br>)<br>) Hon. George C. Steeh |
| WELLPATH LLC, by and through its Chief Clinical Officer and designees, the Responsible Health Authority/Health Services Administrator, and/or its respective Site Medical Directors. | )<br>) Mag. Judge Patricia T. Morris<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COUNT V PURSUANT TO FED. R. CIV. P. 12(H)(3)**

**INTRODUCTION**

Defendant raises this second motion to dismiss based on lack of subject-matter jurisdiction; yet it fails to present any challenge to the jurisdictional basis for Plaintiffs' claims. Defendant fails to produce any evidence to contradict that all Plaintiffs are citizens of the State of Michigan and Defendant is a foreign corporation, incorporated in Delaware with its principal place of business in Tennessee. [ECF No. 8, Pg.ID.65, ¶17-20]. Defendant also fails to argue that this Court lacks supplemental jurisdiction over Plaintiffs' claims. [*See* ECF No. 8, Pg.ID.66, ¶23].

Instead, Defendant seeks to repackage an argument that was already fully briefed and squarely rejected—that Michigan's pre-suit medical malpractice requirements are substantive rather than procedural and must be applied by this federal court sitting in diversity jurisdiction. Defendant's entire argument is, practically and substantively, a complete regurgitation of the

1

arguments it already presented. Accordingly, Defendant's second motion to dismiss should be denied.

## STANDARD OF REVIEW

A "motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Id.* "A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.*

Defendant does not state whether it has raised a facial attack or a factual attack on the subject-matter jurisdiction of Plaintiffs' negligence claim. Nor is it clear based on Defendant's argument which brand of challenge it attempts to present. Because Defendant has failed to attach a single exhibit in support of its motion, Plaintiffs will treat Defendant's motion as a facial challenge.[1]

## ARGUMENT

I. **Plaintiffs Adequately Pled Both Diversity Jurisdiction and Supplemental Jurisdiction, which Defendant Has Failed to Even Attempt to Dispute or Contradict.**

---

[1] To the extent the Court may wish to treat this as a factual challenge, Defendant has failed to produce any evidence contradicting Plaintiffs' well-pled allegations, which establish both diversity jurisdiction and a basis for this Court to exercise supplemental jurisdiction.

28 U.S.C. § 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … Citizens of different States[.]" "[T]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Plumbers & Pipefitters Local 572 Pension Fund v. Cook*, 2004 U.S. Dist. LEXIS 30530, *15-16, 2004 WL 5349589 (S.D. Oh. September 22, 2004) (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.*, 177 F.3d 210, 222 n. 13 (3rd Cir. 1999)).

It is undisputed that Plaintiffs have properly alleged that each Plaintiff is a citizen of the State of Michigan and Defendant is a foreign corporation, incorporated in Delaware with its principal place of business in Tennessee. [ECF No. 8, Pg.ID.65, ¶17-20].  It is also undisputed that Plaintiffs properly pled that the amount in controversy exceeds the jurisdictional threshold amount of $75,000. [ECF No. 8, Pg.ID.66, ¶24]. Accordingly, diversity jurisdiction was adequately pled, and this Court has subject-matter jurisdiction over Plaintiffs' claims.

Separately, and in addition, Plaintiffs adequately alleged supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because Plaintiffs' state law negligence claim in Count V is "so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy, and the state law claims do not substantially predominate the federal claims." [ECF No. 8, Pg.ID.66, ¶23].  Defendant has failed to make any argument that Plaintiffs' basis for asserting supplementary jurisdiction is inadequate or improper. Accordingly, this Court also has supplementary jurisdiction over Plaintiffs' single common law state law claim of negligence.

For these reasons, this Court undisputedly has subject matter jurisdiction over Plaintiffs' state law claim for negligence. Defendant's motion to dismiss should be denied.

    **II.    Defendant's Request to Relitigate this Court's Prior *Erie* Analysis Determining that Michigan State Procedural Requirements Do Not Apply Here Should Be Denied under Law of the Case Principles.**

Under the law of the case doctrine, "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (internal citations omitted). Through this motion, Defendant argues that "[m]edical malpractice pre-suit notice requirements are substantive law to be applied in federal diversity cases." [ECF No. 28, Pg.ID.441]. However, this Court has already decided this issue, after rendering a complete analysis of *Erie* principles, and it may not be relitigated through a repackaged motion based on jurisdiction.

The Magistrate Judge held that Michigan's medical malpractice pre-suit requirements, including "the state law notice and affidavit of merit requirements" [ECF No. 18, Pg.ID.267], are "procedural rather than substantive." [*Id.*, Pg.ID.269]. Accordingly, "any failure [by Plaintiffs] to abide by these [procedural] requirements does not provide grounds for dismissal in this federal court." [*Id.*, Pg.ID.270]. Subsequently, this Court held that "***the Magistrate Judge correctly concluded that the affidavit of merit required by state law is procedural and is not required for medical malpractice claims sounding in negligence or gross negligence brought before this Court under diversity jurisdiction***." [ECF No. 23, Pg.ID.331] (emphasis added). This Court also denied Defendant's Motion for Reconsideration of the *Erie* analysis,[2] stating that Defendant failed to make "timely objections to the report and recommendation" and that the issue was already decided, and not appropriately raised in Defendant's initial objections. [ECF No. 27, Pg.ID. 423].

---

[2] Through its motion for reconsideration, Defendant argued that Michigan's notice requirements were not addressed by the Magistrate Judge. However, based on the plain language of the Magistrate Judge's Report and Recommendation, the notice provision was considered. Defendant also failed to properly object to that portion of the Magistrate Judge's opinion, and the argument was not properly preserved for review by this Court or for appeal.

4

The holding that Michigan's pre-suit medical malpractice requirements are procedural, not substantive, is the law of the case.[3] Accordingly, Defendant should be estopped from re-raising this issue, which has already been briefed and squarely decided by the Court.

Defendant fails to cite a single case in which a federal court has dismissed a state law claim for lack of subject-matter jurisdiction based on a failure to comply with pre-suit medical malpractice procedures established by state law. In fact, the argument section of Defendant's brief fails to even mention jurisdiction. Instead, Defendant's entire argument is nothing more than a second bite at the apple, providing only a rehashed version of its prior *Erie* argument that this Court already rejected. Accordingly, this Court should hold that Defendant's request to bootstrap a second, successive argument that Michigan's procedural rules are substantive into the jurisdictional context is precluded by law of the case principles.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court **DENY** Defendant's second, successive Motion to Dismiss in its entirety.

Dated: April 8, 2021                                  Respectfully submitted,

**LIDDLE & DUBIN, P.C.**
by: /s/ Matthew Z. Robb
Steven D. Liddle (P45110)

---

[3] This holding is also consistent with this Court's treatment of other, similar claims. *See Long v. Adams*, 411 F.Supp.2d 701, 709 (E.D.Mich. 2006) (stating that "Michigan's heightened pleading requirements for medical malpractice cases do not apply to cases filed in federal court invoking the Court's diversity jurisdiction"). In *Long*, Judge Lawson correctly reasoned as follows:

> As is clear from Rule 8(a)'s language, there is no requirement that any affidavit of merit must be filed to commence a medical malpractice case in federal court. The plaintiff's complaint in this case complies with Rule 8(a), and he need do no more to commence his action in this Court. The presence or absence of an affidavit does not render the complaint defective or subject it to dismissal.

*Id.* at 707. That is because "the state's procedural rules have no application here." *Id.* at 705.

5

                                              Matthew Z. Robb (P81665)  
                                              975 E. Jefferson Avenue  
                                              Detroit, Michigan 48207  
                                              (313) 392-0025  
                                              sliddle@ldclassaction.com  
                                              mrobb@ldclassaction.com

**PROOF OF SERVICE**

I hereby certify that on April 8, 2021 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participants.

/s/ Matthew Z. Robb
Matthew Z. Robb (P81665)
975 E. Jefferson Avenue
Detroit, Michigan  48207
(313) 392-0025
mrobb@ldclassaction.com

0