UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHERYL HALL, BRAD LaFUZE, and MARTELL GRESHAM,<br><br>  *Plaintiffs*,<br>v.<br><br>WELLPATH,<br><br>  *Defendant*.<br>_____/ | CASE NO. 20-10670<br><br>HON. GEORGE CARAM STEEH<br>DISTRICT JUDGE<br><br>HON. PATRICIA T. MORRIS<br>MAGISTRATE JUDGE |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COUNT V UNDER FED. R. CIV. P. 12(H)(3) (ECF No. 28.)**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (ECF No. 28) be **DENIED**.

**II.   REPORT**

  **A.   Background**

Previously, in this case, Defendant moved for dismissal of Plaintiffs' amended complaint. (ECF No. 10.) Following a response and reply by the parties, a Report and Recommendation recommended granting Defendant's motion in part and denying it in part. (ECF No. 18.) The Report and Recommendation included a summary of the case's factual allegations, which is cited here for reference. (ECF No. 18, PageID.248–51.) The parties filed objections to the Report and Recommendation. (ECF Nos. 19, 20.) The District Judge,

1

in an Opinion and Order, accepted in part and rejected in part the Report and Recommendation. (ECF No. 23.)

Relevant to the instant motion, specifically, the Report and Recommendation addressed "certain threshold requirements before [medical malpractice claims] are permitted to proceed under Michigan law." (ECF No. 18, PageID.263.) There was analysis in the Report as to whether State law requirements conflict with any federal rule and whether the State requirements are substantive or procedural. (*Id.* at PageID.263–71.) The conclusions found that there were no conflicts (*id.* at PageID.266) and "that the Michigan requirements of notice and an affidavit of merit are procedural rather than substantive." (*Id.* at PageID.270.) Defendant filed an objection. (ECF No. 19.) Notably absent from Defendant's discussion of its third objection[1] was reference to the notice requirement of Mich. Comp. Laws § 600.2912b. Following the objection, the District Judge opined that he was "persuaded that the Magistrate Judge correctly concluded that the affidavit of merit required by state law is procedural and is not required for medical malpractice claims . . . brought before the court under diversity jurisdiction. Defendant's objection is overruled." (ECF No. 23, PageID.331.) Defendant, by motion, asked the District Judge to reconsider the Opinion and Order. (ECF No. 25.) Defendant claimed the Opinion and Order "did not analyze the Michigan pre-suit *notice* requirement in addition to the requirement of attaching an affidavit of merit." (ECF No. 25, PageID.341.) In the Order after the

---

[1] The objection was entitled "Objection #3 –The Report and Recommendation Erred in Concluding that the Medical Malpractice Pre-Suit Requirements in Federal Court are Procedural and not Substantive and are not a Basis for Dismissal for Failing to Comply." (ECF No. 19, PageID.280.)

2

reconsideration motion, the District Judge noted that "Defendant's objection discussed only the affidavit of merit[.]" (ECF No. 27, PageID.422.) In the end, the District Judge found Defendant's argument "was not raised in the timely objections to the report and recommendation and is not appropriately raised by motion for reconsideration." (*Id.* at PageID.423.)

Defendant filed the instant motion to dismiss Plaintiffs' Count V on March 12, 2021. (ECF No. 28.) Plaintiffs responded (ECF No. 32) and Defendant replied. (ECF No. 33.) Therefore, the motion is ready for resolution.

**B.     Motion to Dismiss Standards**

For present purposes, a Rule 12(h)(3) motion is no different from a motion under Rule 12(b)(1), which allows a party to raise lack of subject-matter jurisdiction as a defense "before pleading if a responsive pleading is allowed." *See Flute v. United States*, No. 4:18-CV-04112, 2019 WL 3325353, at *3 (D.S.D. July 24, 2019) ("A Rule 12(h)(3) motion differs from a Rule 12(b)(1) motion only in that it can be brought at any time, by any party or interested individual, or considered *sua sponte* by the court; a Rule 12(b)(1) motion by contrast must be made before any responsive pleading."). As the Sixth Circuit has explained, a Rule 12(b)(1) motion "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). In a facial attack, the issue is "whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Id.* In a factual attack, "a court has broad discretion with respect to what evidence to consider in

3

deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759–60. Ultimately, the plaintiff shoulders the burden of establishing subject-matter jurisdiction. *Id.*

C. **Analysis and Conclusions**

In this motion, Defendant tries to pour old procedural wine in a new jurisdictional bottle. Said another way, Defendant tries to advance a new theory of its previous motion—which had a result not in its favor—with the hope for a different result. It will not.

Under the law of the case doctrine, "'findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation.'" *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (quoting *Dixie Fuel Co., LLC v. Dir., Office of Workers' Comp. Programs*, 820 F.3d 833, 843 (6th Cir. 2016)); *see also Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002). The purpose of this doctrine is prudential practice[2] for the courts, to ensure that "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result."* Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015) (quotations omitted). While there are exceptions[3] to the law of the case doctrine, Defendant has not raised them here.

---

[2] "At the trial court level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment." *Gillig v. Advanced Cardiovascular Systems, Inc.*, 67 F.3d 586, 589 (6th Cir. 1995) (quoting 1b James W. Moore et al., Moore's Federal Practice ¶ 0.404 (2d ed. 1994)).

[3] These exceptions are "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006) (quoting *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 n. 3 (6th Cir. 2000)).

In this matter, in the previous Report and Recommendation, as discussed above, there were findings that the pre-suit notice requirement and the affidavit of merit provisions of Michigan's medical malpractice law were procedural and did not apply to this case. Defendant objected to the finding as to the affidavit of merit, and the District Judge disagreed by overruling the objection. Defendant moved to reconsider the decision, and the District Judge denied that motion.

Defendant now returns to Court, with the theory that this Court does not have jurisdiction to hear claims in Count V of the amended complaint because of jurisdictional defect. Yet, by the standard of review, Plaintiffs' jurisdictional claims have to be accepted as true, and if correct on their face, then this motion should be denied. Alternatively, and in consideration of the prior decision in this case, Defendant does not provide any factual information that defeats Plaintiffs' claims of jurisdiction. This is another reason to deny Defendant's motion.

As Plaintiffs correctly articulate in their response, they properly pleaded diversity jurisdiction and supplemental jurisdiction in their complaint. (Pl. Resp., ECF No. 32, PageID.463.) Further, Defendant "does not dispute that this Court has authority and discretion to exercise supplemental jurisdiction . . . ." (Def. Rep., ECF No. 33, PageID.470.)

Defendant provides no argument that there is a jurisdictional defect in this case and provides no case law in support of a jurisdictional defect; that is because Defendant largely rehashes the substantive/procedural arguments from the original motion to dismiss under

Rule 12(b)(6), (ECF No. 10), and from Objection #3 to the first Report and Recommendation, (ECF No. 19, PageID.280–84.)

Defendant erroneously claims that this Court chose not to address the notice provision of Mich. Comp. Laws 600.2912b. Defendant stated this, despite the Report's conclusion "that the Michigan requirements of notice and an affidavit of merit are procedural rather than substantive." (R&R, ECF No. 18, PageID.270.) Further, the District Judge considered Defendant's more-focused argument on the notice provision in the reconsideration motion, and the District Judge found Defendant did not timely object, did not appropriately raise the issue in the motion for reconsideration, and did not preserve the matter for appellate review. (Opinion and Order on Reconsideration, ECF No. 27, PageID.423.)

Defendant raises the case of *Albright v. Christensen*, 507 F. Supp.3d 851, 863; 2020 WL 7396314 (E.D. Mich. 2020) (MICHELSON, J.), for the proposition that the notice provision is substantive and not procedural. However, that case is distinct, in that the underlying motion in that case was under Rule 12(b)(6), and not Rules 12(b)(1) or 12(H)(3). Further, it was already recognized that there is a split in the federal courts in Michigan as to whether State medical malpractice statutory requirements are procedural or substantive. (R&R, ECF No. 18, PageID.267.) Absent more controlling authority, Defendant's citation to this case, here, fails to persuade for both reasons above.

Again, in the absence of clear controlling authority to the contrary and in the absence of clear error in the previous decision, I recommend that the previous decision should stand.

6

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (ECF No. 28) be **DENIED**.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue

raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 15, 2021                                          S/ PATRICIA T. MORRIS
                                                              Patricia T. Morris
                                                              United States Magistrate Judge