UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HALL, BRAD LaFUZE,
and MARTELL GRESHAM,

        Plaintiff,

                                  Case No. 20-CV-10670

vs.

                                  HON. GEORGE CARAM STEEH

WELLPATH,

        Defendant.
_____/

ORDER ACCEPTING R&R (ECF No. 35) AND DENYING
DEFENDANT'S MOTION TO DISMISS (ECF No. 28)

This matter is before the court on defendant Wellpath's objections to the Magistrate Judge's report recommending that defendant's motion to dismiss be denied (ECF No. 35). The subject of the motion is not new, having been raised in a previous motion to dismiss (ECF No. 10). Specifically, the issues relate to whether Michigan's pre-trial requirements of notice and an affidavit of merit before a medical malpractice claim can proceed are procedural or substantive.

In the first go-around, the court adopted that portion of the Report and Recommendation that concluded the requirements of notice and an affidavit of merit are procedural and that failure to comply was not a basis of dismissal in federal court. In doing so, the court considered defendant's

objections, overruling Objection #3 which addressed the affidavit of merit requirement. The court then denied defendant's motion for reconsideration, wherein defendant claimed that the court "did not analyze the Michigan pre-suit *notice* requirement in addition to the requirement of attaching an affidavit of merit." (ECF No. 25, PageID.341). The basis of the court's denial was that defendant's notice argument was waived by failing to raise it in objections to the Report and Recommendation and the argument could not then be made by a motion for reconsideration. (ECF No. 27).

The issue is back before the court, this time in a motion to dismiss Count V under Rule 12(h)(3) for lack of subject matter jurisdiction. Defendant's theory is that the court does not have jurisdiction to hear plaintiffs' claims that sound in medical malpractice because plaintiffs neglected to provide pre-suit notice and an affidavit of merit as required by Michigan law. The Magistrate Judge relied on the law of the case doctrine as the primary reason to recommend denying defendant's motion.

Defendant objects, arguing that the court has discretion to find its prior ruling clearly erroneous due to its failure to analyze defendant's argument regarding pre-suit notice. However, the reason the court declined to analyze the argument previously is that defendant waived the argument by failing to raise it at the appropriate time and manner. An analysis of the

pre-suit notice requirement was done by the Magistrate Judge and her recommendation regarding that issue was adopted by the court. The court does not find that its decision was clearly erroneous, such that an exception exists to the law of the case doctrine. So too, while there is a recognized split in the federal courts in Michigan as to whether state medical malpractice statutory requirements are procedural or substantive, there is not yet clear controlling authority. *See Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006) (setting forth the "extraordinary conditions" upon which a prior ruling may be reconsidered: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice.").

IT IS HEREBY ORDERED that defendant's objections to the Report and Recommendation (ECF No. 36) are OVERRULED, the Report and Recommendation (ECF No. 35) is ACCEPTED, and defendant's motion to dismiss Count V (ECF No. 28) is DENIED.

Dated:   August 13, 2021

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE